6 U.S. 336
 2 Cranch 336
 2 L.Ed. 297
 ADAMS
v.
WOODS.
 February Term, 1805
 
 THIS cause came up from the circuit court of the state of Massachusetts, on a certificate of division in opinion between the judges of that court.
 In that court an action of debt was instituted for the penalty of $2000 imposed by the second section of the act of congress, passed the 22d of March 1794, 'to prohibit the carrying on the slave trade from the United States to any foreign place or country.' 1 Story's L. U. S. 319.
 The second section provides, 'that all and every person building, fitting out, or equipping, loading or otherwise preparing or sending away any ship or vessel, knowing or intending that the same shall be employed in the slave trade, contrary to the true intent and meaning of the act, or any ways aiding or abetting therein, shall severally forfeit and pay the sum of $2000; one moiety thereof to the use of the United States, and the other moiety thereof to the use of him or her who shall sue for and prosecute the same.' To this suit the defendant pleaded that the cause of action, set forth in the plaintiff's writ and declaration, did not accrue within two years next before the date and issuing forth of the writ in this case against him, in manner and form as the plaintiff hath declared, and this he is ready to verify. Wherefore, &c. To which plea there was a general demurrer and joinder.
 This plea was founded upon the thirty-first section of the act of congress, entitled 'an act for the punishment of certain crimes against the United States,' passed 30th April, 1790. 1 Story's L. U. S. 83.
 The section is in these words, 'that no person or persons shall be prosecuted, tried or punished for treason, or other capital offence aforesaid, wilful murder or forgery excepted; unless the indictment for the same shall be found by a grand jury within three years next after the treason or capital offence aforesaid shall be done or committed: nor shall any person be prosecuted, tried or punished for any offence not capital, nor for any fine or forfeiture under any penal statute, unless the indictment or information for the same shall be found or instituted within two years from the time of committing the offence, or incurring the fine or forfeiture as aforesaid: provided, that nothing, herein contained, shall extend to any person or persons fleeing from justice.'
 Upon the defence under this plea, the judges of the circuit court were divided in opinion, and the same was certified to this court.
 For the plaintiff, it was contended that the same limitation was not intended to be applied to suits for penalties. Cited Atcheson v. Everett, Cooper, 391. Cunningham's Law Dict. title Limitation. 5 Mod. 425. Rex v. Gaul, 1 Salk. 372. Heck's case, 1 Salk. 373.
 [Argument of Counsel from pages 337-339 intentionally omitted] Chief Justice MARSHALL delivered the opinion of the court.
 
 
 1
 This is an action of debt brought to recover a penalty imposed by the act, entitled 'an act to prohibit the carrying an the slave trade from the United States to any foreign place or country.'
 
 
 2
 It was pleaded in bar of the action, that the offence was not committed within two years previous to the institution of the suit. To this plea the plaintiff demurred, and the circuit court being divided on its sufficiency, the point has been certified to this court.
 
 
 3
 In the argument, the plaintiff has rested his case on two points. He contends,
 
 
 4
 1. That the act of congress, pleaded by the defendant, is no bar to an action of debt.
 
 
 5
 2. That if it be a bar, it applies only to the recovery of penalties given by acts which existed at the time of its passage.
 
 
 6
 The words of the act are, 'nor shall any person be prosecuted,' &c. It is contended that the prosecutions limited by this law, are those only which are carried on in the form of an indictment or information, and not those where the penalty is demanded by an action of debt.
 
 
 7
 But if the words of the act be examined, they will be found to apply not to any particular mode of proceeding, but generally to any prosecution, trial, or punishment for the offence. It is not declared that no indictment shall be found, or information filed for any offence not capital, or for any fine or forfeiture under any penal statute, unless the same be instituted within two years after the commission of the offence. In that case the act would be pleadable only in bar of the particular action. But it is declared, that 'no person shall be prosecuted, tried or punished,' words which show an intention, not merely to limit any particular form of action, but to limit any prosecution whatever.
 
 
 8
 It is true that general expressions may be restrained by subsequent particular words, which show that in the intention of the legislature, those general expressions are used in a particular sense: and the argument is a strong one, which contends that the latter words describing the remedy, imply a restriction on those which precede them. Most frequently they would do so. But in the statute under consideration, a distinct member of the sentence, describing one entire class of offences, would be rendered almost totally useless by the construction insisted on by the attorney for the United States. Almost every fine or forfeiture under a penal statute, may be recovered by an action of debt as well as by information; and to declare that the information was barred while the action of debt was left without limitation, would be to attribute a capriciousness on this subject to the legislature, which could not be accounted for; and to declare that the law did not apply to cases on which an action of debt is maintainable, would be to overrule express words, and to give the statute almost the same construction which it would receive if one distinct member of the sentence was expunged from it. In this particular case, the statute which creates the forfeiture does not prescribe the mode of demanding it; consequently, either debt or information would lie. It would be singular if the one remedy should be barred and the other left unrestrained.
 
 
 9
 In support of the opinion, that an act of limitations to criminal prosecutions can only be used as a bar in cases declared by law to be criminal at the time the act of limitations was passed, unless there be express words extending it to crimes to be created in future, Cunningham's Law Dictionary has been cited.
 
 
 10
 The case in Cunningham is reported in 1 Salk. and 5 Mod. and seems to be founded on the peculiar phraseology of the statute of the 21 of James I. directing informations to be filed in the county in which the offences were committed. That statute was expounded to extend only to offences, which at the time of its passage were punishable by law. But the words of the act of congress plainly apply to all fines and forfeitures under any penal act, whenever that act might pass. They are the stronger because not many penal acts were at that time in the code.
 
 
 11
 In expounding this law, it deserves some consideration, that if it does not limit actions of debt for penalties, those actions might, in many cases, be brought at any distance of time. This would be utterly repugnant to the genius of our laws. In a country where not even treason can be prosecuted after a lapse of three years, it could scarcely be supposed that an individual would remain for ever liable to a pecuniary forfeiture.
 
 
 12
 The court is of opinion that it be certified to the circuit court for the district of Massachusetts, that the issue in law joined in this case, ought to be decided in favour of the defendant.