Raymond J. DONOVAN, Secretary of Labor, Plaintiff-Appellant,

v.

WEST COAST DETECTIVE AGENCY, INC. and Anja Engineering Co., Defendants-Appellees.

No. 83–6322.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 7, 1984.

Decided Dec. 4, 1984.

John M. Rogers, Leonard Schaitman, Marleigh D. Dover, U.S. Dept. of Justice, Washington, D.C., for plaintiff-appellant.

Gregory G. Kennedy, Goldstein, Freedman & Klepetar, Los Angeles, Cal., Kilpatrick & Cody, Washington, D.C., Diane L. Prucino, Duane C. Aldrich, Kilpatrick & Cody, Atlanta, Ga., for defendants-appellees.

Before CHAMBERS and HUG, Circuit

Judges, and EAST,* District Judge.

CHAMBERS, Circuit Judge:

The Labor-Management Reporting and Disclosure Act of 1959, 73 Stat. 519, P.L. 86–257, requires the disclosure and reporting of certain information from labor organizations, from management, and from certain individuals connected with both. See *e.g.* Section 201 (29 U.S.C. § 431) requiring the disclosure of information from labor organizations, Section 202 (29 U.S.C. § 432) from employees of labor organizations, and Section 203 (29 U.S.C. § 433) from employers. More precisely, 29 U.S.C. § 433(a) requires reports as to:

(4) any agreement or arrangement with a labor relations consultant or other independent contractor or organization pursuant to which such person undertakes activities where an object thereof, directly or indirectly, is to persuade employees to exercise or not to exercise, or persuade employees as to the manner of exercising, the right to organize and bargain collectively through representatives of their own choosing, or undertakes to supply such employer with information concerning the activities of employees or a labor organization in connection with a labor dispute involving such employer, except information for use solely in conjunction with an administrative or arbitral proceeding or a criminal or civil judicial proceeding; or ....

Section 29 U.S.C. § 433(b) requires reports from:

(b) Every person who pursuant to any agreement or arrangement with an employer undertakes activities where an object thereof is, directly or indirectly—

(1) to persuade employees to exercise or not to exercise, or persuade employees as to the manner of exercising, the right to organize and bargain collectively through representatives of their own choosing; or

(2) to supply an employer with information concerning the activities of employees or a labor organization in connection with a labor dispute involving such employer, except information for use solely in conjunction with an administrative or arbitral proceeding or a criminal or civil judicial proceeding ....

Section 439 of Title 29 provides criminal penalties for willful violation of these reporting requirements of the Act. Section 440 authorizes the Secretary of Labor to bring civil actions, including ones for injunctive relief, when it appears that any person has violated or is about to violate any of the provisions of the statute.

The Secretary filed actions against Anja Engineering Co. (hereafter "Anja") and West Coast Detective Agency, Inc. (hereafter "West Coast") which were consolidated by the district court. It is charged that Anja hired West Coast to investigate and report on certain employee activities, but, in violation of 29 U.S.C. § 433 and § 437, failed to report to the Secretary that it had done so. The action seeks injunctive relief to compel the filing of the pertinent reports.

The district judge dismissed the actions on the basis of the bar of the statute of limitations. He noted that no specific statute of limitations is included in the Act and then borrowed and applied the three-year California statute of limitations for actions founded on statute, C.C.P. § 338(1). The Secretary in this appeal argues that this was error and no limitation period was intended to bar the action, as he was acting for the government in its sovereign capacity to enforce public rights and interests.[1]

---

* The Honorable William G. East, United States District Judge for the District of Oregon, sitting by designation.

**1.** The issue raised is one of law and is one of some importance, bearing as it does on public rights and interest. We therefore reject the suggestion by appellees that we not reach the issue because it was not raised as one of the Secretary's theories below. See *Edwards v. Teamsters Local Union No. 36*, 719 F.2d 1036, 1039

We agree with the Secretary. The purposes of the Act are stated in Section 2(a):

"The Congress finds that, in the public interest, it continues to be the responsibility of the Federal Government to protect employees' rights to organize, choose their own representatives, bargain collectively, and otherwise engage in concerted activities for their mutual aid and protection; that the relations between employers and labor organizations and the millions of workers they represent have a substantial impact on the commerce of the Nation; and that in order to accomplish the objective of a free flow of commerce it is essential that labor organizations, employers, and their officials adhere to the highest standards of responsibility and ethical conduct in administering the affairs of their organizations, particularly as they affect labor-management relations."

Section 2(b) notes recent disclosures of corruption and breach of trust which "require further and supplementary legislation that will afford necessary protection of the rights and interests of employees and the public generally ...." and Section 2(c) again refers to the potential burdening and obstruction of commerce sought to be eliminated and protected against by the enactment of the statute. The Legislative history of the Act stresses the interest not only of unions, and of management, and of union members in the disclosure of this information, but also the right of the public to such disclosure. S.Rep. 187, 86th Cong., 1st Session; 1959 U.S.Code Congressional and Administrative News 2318, *et seq.*

■ The Secretary, in bringing these actions, was acting for the government in its sovereign capacity to enforce significant public rights and interests and thus, in the absence of a specific federal statute of limitation, the borrowing of the state statute of limitations was not intended by the Congress. See *Occidental Life Ins. Co. v.*

(9th Cir.1983). Obviously, much time, expense and effort would have been avoided had appel-

*E.E.O.C.,* 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977) (suit brought to enforce Title VII of the 1964 Civil Rights Act).

■ The district court *sua sponte* also dismissed the action against West Coast for failure to state a claim apparently on the belief that West Coast was not a person required to file such reports under 29 U.S.C. § 433(b). The complaint alleges that Anja and West Coast entered into arrangements pursuant to which West Coast "undertook activities where an object thereof was, through coercive activities to persuade the employees of Anja Engineering Company to not exercise, or to persuade them as to the manner of exercising, their right to organize and bargain collectively through representatives of their own choosing." The complaint also alleges that the detective company "entered into arrangements with Anja Engineering Company pursuant to which defendant undertook activities to supply Anja Engineering Company with information concerning the activities of employees in connection with a labor dispute involving Anja Engineering Company." This pleading is adequate for the purpose. If West Coast requires a more specific statement of the facts upon which the Secretary bases his claim, there are procedural means for obtaining such facts. See e.g. Rules 12 and 56 of the Federal Rules of Civil Procedure.

Reversed and remanded.

lant raised the theory earlier.