William E. BROCK, Secretary of Labor, United States Department of Labor, Plaintiff,

v.

LOCAL 427, INTERNATIONAL UNION OF ELECTRICAL, RADIO AND MACHINE WORKERS, AFL–CIO, Defendant.

Civ. A. No. 87–3575 (AMW).

United States District Court, D. New Jersey.

April 5, 1988.

Samuel A. Alito, Jr., U.S. Atty., D.N.J., by Jerome L. Merin, Asst. U.S. Atty., Deputy Chief, Civ. Div., Newark, N.J., U.S. Dept. of Labor, Office of the Sol., Region II by Dennis K. Kade, Deputy Regional Sol., and Kevin E. Crowley, New York City for plaintiff, U.S. Dept. of Labor.

Guazzo, Perelson, Rushfield & Gauzzo by Mark C. Rushfield, New York City, for defendant, Local 427.

## OPINION

WOLIN, District Judge.

The United States of America, on behalf of the Secretary of the United States Department of Labor, filed this lawsuit pursuant to sections 104 and 210 of the Labor Management Reporting and Disclosure Act ("LMRDA" or the "Act"), 29 U.S.C. §§ 414 and 440, respectively, to enjoin Local 427, International Union of Electrical, Radio and Machine Workers, AFL–CIO ("Local 427") from refusing Hortensia Colmenares (a member of Local 427) the right to review copies of Local 427's collective bargaining agreements with employers other than her own employer. The United States has filed a summary judgment motion for an injunction ordering Local 427 to recognize Ms. Colmenares' right to inspect said agreements. Local 427 has responded by filing a cross-motion for summary judgment on the grounds that (i) the complaint is time-barred by a six-month federal statute of limitations, and (ii) as a matter of law, no right to inspect the collective bargaining agreements in question exists under the LMRDA. For the following reasons, this court finds that the Secretary of Labor's action is barred by a six-month federal statute of limitations.[1]

## I. BACKGROUND

The following facts are undisputed. Local 427, a local labor organization governed

---

1. In light of this holding, this court need not reach the parties' cross-motions for summary judgment as to an interpretation of sections 104 and 210 of the LMRDA.

by the provisions of the LMRDA, 29 U.S.C. §§ 401 *et seq.*, is comprised of approximately 60 different shops throughout the State of New Jersey and the City of New York. Members pay dues through checkoff.

By letter dated June 18, 1986, Hortensia Colmenares, a member of Local 427, requested a copy of the collective bargaining agreement entered into between Local 427 and her employer, Keene Corporation; in this letter she had also asked to review other such agreements made by Local 427 with employers other than Keene Corporation. On June 26, 1986, Ms. Colmenares presented a copy of the June 18th letter to the president of Local 427, Henry Annucci. Shortly thereafter, Ms. Colmenares was presented with the most recent Local 427/Keene Corporation collective bargaining agreement. However, by letter dated August 22, 1986, Local 427 informed Ms. Colmenares that it would not permit her to inspect its collective bargaining agreements with other employers.[2]

In an attempt to resolve this issue there was correspondence between Local 427's counsel and representatives of the U.S. Department of Labor. At no time, however, during these communications did Local 427 indicate that it would change its position in this matter.

On September 8, 1986, Ms. Colmenares filed an official complaint with the Department of Labor. On September 1, 1987 the Secretary of Labor, pursuant to his authority under section 210 of the LMRDA,[3] commenced the instant action in this court. Both the Secretary of Labor ("plaintiff") and Local 427 ("defendant") have filed motions for summary judgment. Plaintiff argues that he is entitled to summary judgment because, as a matter of law, 29 U.S.C. § 414 grants union members the absolute right to review their union's collective bargaining agreements with employers other than the employers of the members requesting review. In response, defendant asserts that plaintiff's complaint is barred by the statute of limitations; and even if not time-barred, defendant moves that summary judgment in its favor is appropriate because, as a matter of law, there exists no such right to review the collective bargaining agreements in question.

## II. DISCUSSION

As noted, this court does not reach the issue of the interpretation of section 104 of the LMRDA because it finds that plaintiff's claim is barred by the six-month statute of limitations "borrowed" from another federal labor statute. Specifically, therefore, the narrow issue facing this court is whether the Secretary of Labor, when bringing an action to enforce section 104 of the LMRDA, is subject to a federal statute of limitations.

### A. *The Structure of the LMRDA*

The structure of the Labor Management Reporting and Disclosure Act contemplates enforcement both by private citizens for alleged violations of Title I (*i.e.*, Subchapter II) of the Act, 29 U.S.C. §§ 411–415 (inclusive),[4] and also by the Secretary of Labor

---

2. Local 427 asserted that Ms. Colmenares' request amounted to a "fishing expedition" which threatened to reveal employers' confidential information "in a process which could expose them to non-union or other competition." *See* Letter of Cesar C. Gauzzo, Esq. (counsel to Local 427) to Hortensia Colmenares dated August 22, 1986.

3. Section 210 of the LMRDA, 29 U.S.C. § 440, provides as follows:

Whenever it shall appear that any person has violated or is about to violate any of the provisions of this subchapter, the Secretary may bring a civil action for such relief (including injunctions) as may be appropriate. Any such action must be brought in the district court of the United States where the violation occurred, or at the option of the parties, in the United States District Court for the District of Columbia.

4. Section 102 of the Act, 29 U.S.C. § 412, which creates a private right of action for alleged violations of Title I, provides:

Any person whose rights secured by the provisions of this subchapter have been infringed by any violation of this subchapter may bring a civil action in a district court of the United States for such relief (including injunctions) as may be appropriate. Any such action against a labor organization shall be brought in the district court of the United States for the district where the alleged violation occurred, or the principle office of such labor organization is located.

**1318**

for alleged violations of Title II (*i.e.*, Subchapter III) of the Act, 29 U.S.C. §§ 431–441 (inclusive).[5]  Although the instant action concerns alleged violations of Title I (*i.e.*, section 104 of LMRDA)—meaning that individual union members are given a private right of action—the Secretary of Labor may also sue because section 104 expressly states that "[t]he provisions of section [210 of the LMRDA] shall be applicable in the enforcement of this section."[6] Neither Title I nor Title II (or, for that matter, *any* title of the LMRDA), however, make any reference to a statute of limitations within which an action must be brought.

### B. *Statute of Limitations*

■ (1) *"Borrowing in the absence of an express limitations period.*  Notwithstanding the absence of a statute of limitations within the framework of a federal statute such as the LMRDA, in an analogous situation the Supreme Court has stated:

> As is often the case in federal civil law, there is no federal statute of limitations expressly applicable to this suit.  In such situations we do not ordinarily assume that Congress intended that there be no limit on actions at all; rather our task is to 'borrow' the most suitable statute or other rule of timeliness from some other source.  We have generally concluded that Congress intended that the courts apply the most closely analogous statute of limitations under state law.  'The implied absorption of state statutes of limitation within the interstices of the federal enactments is a phase of fashioning remedial details where Congress has not spoken but left matters for judicial determination within the general framework of familiar legal principles.'

*DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 158–160, 103 S.Ct. 2281, 2287–2289, 76 L.Ed.2d 476

(1983) (quoting *Holmberg v. Armbrecht*, 327 U.S. 392, 395, 66 S.Ct. 582, 584, 90 L.Ed. 743 (1946)) (footnotes omitted; other citations omitted).  On the other hand, the Supreme Court has also recognized that "state statutes of limitations can be unsatisfactory vehicles for the enforcement of federal law." *DelCostello*, 462 U.S. at 161, 103 S.Ct. at 2289.

(2) *Interpretation of Supreme Court Precedent.*  In the instant case, plaintiff asserts that no statute of limitations should be applied to a public official such as the Secretary of Labor.  This argument is premised on the notion that any limitations period would frustrate the policy of the LMRDA.  For example, in *Occidental Life Insurance Company of California v. Equal Employment Opportunity Commission*, 432 U.S. 355, 97 S.Ct. 2447, 53 L.Ed.2d 402 (1977), the Supreme Court held that a state's statute of limitations was not applicable to actions brought by the EEOC under the 1972 amendments to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*, because:

> In view of the federal policy requiring employment discrimination claims to be investigated by the EEOC and, whenever possible, administratively resolved before suit is brought in a federal court, it is hardly appropriate to rely on the 'State's wisdom in setting a limit ... on the prosecution....' *Johnson v. Railway Express Agency*, [421 U.S. 454, 464, 95 S.Ct. 1716, 1722, 44 L.Ed.2d 295 (1974)]. For the 'State's wisdom' in establishing a general limitation period could not have taken into account the decision of Congress to delay judicial action while the EEOC performs its administrative responsibilities.

432 U.S. at 368, 97 S.Ct. at 2455 (citations omitted).

Moreover, in casting aside any state statute of limitations, the Supreme Court apparently did not subject the EEOC to an

---

**5.** *See supra* note 3 for text of 29 U.S.C. § 440 (empowering Secretary to bring enforcement action for alleged violations of Title II).

**6.** The private right to enforce section 104 of the LMRDA is clearly supplemented by the existence of a similar right in the Secretary of Labor in section 210 of the Act:

Section 210 is nowhere expressly made the exclusive procedure for enforcing § 104, instead the scheme of the legislation and the language of the Sections in question support the view that § 210 is a supplemental remedy. *Forline v. Helpers Local No. 42*, 211 F.Supp. 315, 319 (E.D.Pa.1962).

alternative federal statute of limitations.[7] *See also Agency Holding Corp. v. Malley–Duff & Associates,* — U.S. —, —, 107 S.Ct. 2759, 2768, 97 L.Ed.2d 121 (1987) (noting that *no* limitations period should apply when state limitations period would frustrate policy of federal RICO statute) (Scalia, J., concurring) (emphasis in original) (citing *Occidental Life Insurance, supra.*) However, the majority of the Court in *Agency Holding Corp.* expressly rejected Justice Scalia's position, as stated in his concurrence, that an inappropriate state statute of limitations was grounds to abrogate all potential federal limitations periods as well. *See, id.* at —, 107 S.Ct. at 2767 (noting that a need exists for a uniform statute of limitations as applied to the civil RICO statute).

Thus, Plaintiff's argument that no statute of limitations should apply in the instant case rests almost entirely upon an interpretation of *Occidental Life Insurance* which implies that no statute of limitations (*i.e.,* neither state nor federal) was applicable to the EEOC in bringing a Title VII discrimination action. And by analogy, plaintiff contends that the Secretary of Labor, like the EEOC, should also not be subject to *any* statute of limitations.

This court, however, does not agree with plaintiff's broad interpretation of *Occiden-tal Life Insurance.* Although the Supreme Court noted in *Occidental Life Insurance* that "[t]he sole question presented by [that] case [was] what time limitation, *if any,* [was] imposed on the EEOC's power to bring such a suit[,]" 432 U.S. at 357, 97 S.Ct. at 2450 (emphasis added), the primary focus of the majority's opinion was on whether *state* statutes of limitations frustrate the federal policy of Title VII of the Civil Rights Act.[8]

In a subsequent interpretation of *Occidental Life Insurance,* the Supreme Court stated:

> Hence, in some cases we have declined to borrow state statutes but have instead used timeliness rules drawn from federal law—either express limitations periods from related federal statutes, or such alternatives as laches. In *Occidental,* for example, we declined to apply state limitations periods to enforce suits brought by the Equal Employment Opportunities Commission under Title VII of the 1964 Civil Rights Act, reasoning that such application might unduly hinder the policy of the Act by placing too great an administrative burden on the Agency.

*DelCostello, supra,* 462 U.S. at 163, 103 S.Ct. at 2289. Moreover, in *DelCostello,* the Supreme Court furthered its line of

---

7. In *Occidental Life Insurance* the Supreme Court concluded:
   Congress did express concern for the need of time limitations in the fair operation of the [Civil Rights] Act, but that concern was directed entirely to the filing of a charge with the EEOC and prompt notification thereafter to the alleged violator.
   432 U.S. at 371, 97 S.Ct. at 2457.

8. The majority did address the issue of a federal limitations period, but only in the context of an aggrieved employee's initial filing of a charge with the EEOC and subsequent notice by the EEOC to the alleged violator. 432 U.S. at 371–372, 97 S.Ct. at 2457. The Court also noted that within the framework of Title VII of the Civil Rights Act, "the benchmark, for purposes of a statute of limitations, is not the last phase of the multistage scheme, but the commencement of the proceeding before the administrative body." *Id.* at 372, 97 S.Ct. at 2457.
   Therefore, in light of the fact that Ms. Colemenares originally filed her complaint with the Department of Labor within six months of Local 427's denial of her request to review the collective bargaining agreements, plaintiff may argue that its claim is timely under the Supreme Court's analysis in *Occidental Life Insurance.* This argument assumes that filing a complaint with the Department of Labor is analogous to filing a charge with the EEOC. This court notes, however, that such an argument is inapposite to the instant case because the LMRDA and Civil Rights Act are easily distinguishable. On the one hand, the LMRDA contains no time limitation for filing a complaint with the Secretary nor any express provisions for notification to third parties who are the subject of a section 104 complaint. On the other hand, under Title VII a charge must be filed with the EEOC within 180 days of the alleged violation and the alleged violator must be notified of the charge and its underlaying facts within ten days of such a filing with the EEOC. *See Occidental Life Insurance,* 432 U.S. at 371–372, 97 S.Ct. at 2457 (citing sections 706(b), (e) of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e-5(b), (e)). *See also infra* note 16 and accompanying text (discussing commencement date of statute of limitations as applied to the Secretary of Labor).

analysis under *Occidental Life Insurance* by engrafting a federal statute of limitations after it concluded that "... state limitations periods ... fail to provide an aggrieved employee with a satisfactory opportunity to vindicate his rights...." *Id.* at 166, 103 S.Ct. at 2281.

Most recently, in *Agency Holding Corp. v. Malley–Duff & Associates, Inc., supra,* the Supreme Court relied upon its previous holding in *DelCostello* and applied the four-year statute of limitations from the Clayton Act to all civil RICO actions. The Court stated:

> While the mere fact that state law fails to provide a perfect analogy to the federal cause of action is never itself sufficient to justify the use of a federal statute of limitations, in some circumstances the Court has found it more appropriate to borrow limitation periods found in other federal, rather than state, statutes[.]

— U.S. at —–––—, 107 S.Ct. at 2762–2763 (citing *DelCostello, supra*). Furthermore, this court finds great significance in the fact that in general support of the above-quoted conclusion, the *Agency Holding Corp.* Court cited *Occidental Life Insurance* as standing for the proposition as a case in which the Court "adopt[ed a] federal statute of limitation for EEOC enforcement actions[.]" *Id.* at —–, 107 S.Ct. at 2763.

Clearly, the Supreme Court interprets *Occidental Life Insurance* in a different light than does plaintiff. Although plaintiff relies on *Occidental Life Insurance* for the proposition that the Secretary should not be burdened with any statute of limitations of any origin, the Court, through its subsequent *DelCostello* and *Agency Holding Corp.* opinions, apparently reads *Occidental Life Insurance* for the more limited notion that *federal* statutes of limitations are more appropriately applied

than are *state* statutes in the absence of *any* such statute in federal legislation. *See, e.g., Agency Holding Corp.,* — U.S. at —–––—, 107 S.Ct. at 2765–2766 (noting federal pre-emption of "otherwise available state statutes of limitation").[9] Thus, by examining the Supreme Court's holdings in *Occidental Life Insurance, DelCostello* and *Agency Holding Corp.,* it becomes evident that the central issue has been cast by the Court as that of the interplay between federal and state statutes of limitations and not as the unilateral abrogation of all statutes of limitations for sovereign entities in their capacities as civil plaintiffs.

Furthermore, even if the Supreme Court has apparently not expressly addressed this question of whether the United States, suing under a federal cause of action in its sovereign capacity, is exonerated from all statutes of limitations, the Court has repeatedly reiterated that "[a] federal cause of action 'brought at any distance of time' would be 'utterly repugnant to the genius of our laws.'" *Agency Holding Corp., supra,* — U.S. at —–, 107 S.Ct. at 2767 (quoting *Wilson v. Garcia,* 471 U.S. 261, 271, 105 S.Ct. 1938, 1944, 85 L.Ed.2d 254 (1985) (quoting *Adams v. Woods,* 2 Cranch 336, 341, 2 L.Ed. 297 (1805))).

(3) *Application of Supreme Court precedent in the lower courts.* In light of the Supreme Court's holdings in *Occidental Life Insurance* and *DelCostello*[10] the Third Circuit engrafted into the LMRDA the six-month limitation period of section 10(b) of the National Labor Relations Act ("NLRA"), 29 U.S.C. § 160(b), for private enforcement actions brought under section 102 of the Act. *See Local Union 1397, United Steelworkers of America v. United Steelworkers of America,* 748 F.2d 180 (3d Cir.1984) (dismissing plaintiffs' action brought under section 102 against defend-

---

**9.** Moreover, in support of its position that no statute of limitations is appropriate to the Secretary of Labor when suing under the LMRDA, plaintiff cites a line of cases which address the narrower and palpably different issue as to the impropriety of applying state statutes of limitation to federal actions. *See, e.g., Donovan v. Square D Co.,* 709 F.2d 335, 337–338 n. 8 (5th Cir.1983) (state statute of limitations not applicable to claim under Occupational Safety an

Health Act, 29 U.S.C. § 660(c)); *United States v. Hartford Accident & Indemnity Co.,* 460 F.2d 17, 19 (9th Cir.) (state statute of limitations inapplicable to claim under Federal Medical Care Recovery Act, 42 U.S.C. § 2651 *et seq.*), *cert. denied,* 409 U.S. 979, 93 S.Ct. 308, 34 L.Ed.2d 243 (1972).

**10.** *Agency Holding Corp.* had not yet been decided.

ant union for alleged violation of section 101 of the LMRDA, 29 U.S.C. § 411).

In *Local Union 1397,* the Third Circuit expressly adopted the Supreme Court's analysis in *DelCostello,* in which the Court held that the six-month limitations period in section 10(b) of the NLRA governed claims against both the defendant union and the defendant employer brought pursuant to section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185.[11] The Supreme Court's holding in *DelCostello* was based on the "family resemblance" between an unfair labor practice charge under the NLRA and a breach of duty of fair representation claim under the LMRA. 462 U.S. at 170, 103 S.Ct. at 2293. Similarly, the Third Circuit, in *Local Union 1397,* went on to note that:

> In adopting a six-month limitations period for unfair labor practice charges, Congress balanced the federal interest in stable collective bargaining relationships and rapid resolution of labor disputes against an employee's interest in the vindication of his rights under section 7 of the NLRA, 29 U.S.C. § 157 (1982).

748 F.2d at 184 (citing *DelCostello,* 462 U.S. at 171, 103 S.Ct. at 2294 (other citations omitted)). Subsequently, in *Grasty v. Amalgamated Clothing & Textile Workers Union,* 828 F.2d 123, 133 (3d Cir.1987), the Third Circuit, following its reasoning in *Local Union 1397,* applied the NLRA's six-month statute of limitations to a claim arising from an alleged violation of section 104 of the LMRDA (*i.e.,* the section in dispute in the instant action) brought by union members under section 102 of the Act. 828 F.2d at 133.[12]

Given that the six-month statute of limitations is properly enforced against private citizens suing to enforce their Title I claims, the only issue now facing this court is whether this statute of limitations is applicable to the Secretary of Labor suing under Title II to enforce an employee's LMRDA Title I right.[13] In other words this court must decide whether there is a meaningful distinction between the situation in which the Secretary of Labor, as opposed to that in which a private individual, is suing to enforce section 104 of the LMRDA.

(4) *The current action brought by the Secretary of Labor.* Plaintiff would have this court find that there is a qualitative difference with respect to the invocation of statutes of limitations depending upon the identity of the party asserting the violation of the LMRDA. And notwithstanding the temporal limitations placed on an aggrieved union member, plaintiff asserts that when a representative of the federal government sues to enforce section 104 of the Act for ostensibly public purposes there is no applicable statute of limitations—unless clearly provided by Congress. Plaintiff bases this argument on the notion that there is a substantive difference between a "private" suit which is brought by a complaining union member and a "public" suit which is brought by the Secretary of Labor. Clearly, the fundament of plaintiff's argument rests upon the distinction between "public" and "private" enforcement of federal actions. This difference was highlighted by now-Chief Justice Rehnquist's dissent in *Occidental Life Insurance* in which he noted that the majority:

> [F]ail[ed] to point to any case *not involving the United States in its sovereign capacity,* in which, the federal statute being silent, the applicable state limitations period was disregarded in favor of either a judge-made limitations period or, as here, *no limitations period at all.*

---

**11.** As already noted, in *DelCostello,* the Supreme Court had expanded upon the analysis of *Occidental Life Insurance,* in which the Court held that state statutes of limitation were inapplicable to the EEOC with respect to its ability to bring suit under the 1972 amendments to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.*

**12.** At least four other circuits have followed the Third Circuit's interpretation of *DelCostello* and have applied the section 10(b) six-month statute

of limitations to Title I actions under the LMRDA. *See Reed v. United Transportation Union,* 828 F.2d 1066 (4th Cir.1987); *Hester v. International Union of Operating Engineers,* 818 F.2d 1537 (11th Cir.1987); *Vallone v. Local Union No. 705,* 755 F.2d 520 (7th Cir.1984); *Linder v. Berge,* 739 F.2d 686 (1st Cir.1984).

**13.** *See supra* note 6 and accompanying text (explaining incorporation of LMRDA section 210 into LMRDA section 104).

432 U.S. at 375–376, 92 S.Ct. at 2459. (Rehnquist, J., dissenting) (emphasis added).

Even if there is merit to plaintiff's "public purpose/private purpose" distinction, this court finds that in the instant case such a distinction is inapposite. In arguing for the public nature of the Secretary's enforcement of the LMRDA and that no statute of limitations is applicable, plaintiff relies heavily upon the case of *Donovan v. West Coast Detective Agency, Inc.*, 748 F.2d 1341 (9th Cir.1984), in which the Ninth Circuit stated:

> The Legislative history of the [LMRDA] stresses the interest not only of unions, and of management, and of union members in the disclosure of this information, but also the right of the public to this disclosure.

*Id.* at 1342 (citing S.Rep. 187, 86th Cong., 1st Session; 1959 U.S.Code Cong & Admin. News 2318 *et seq.*). Furthermore, the Ninth Circuit concluded that "in the absence of a specific federal statute of limitation, the borrowing of the state statute of limitations was not intended by Congress." *Id.* (citing *Occidental Life Ins. Co.*)

This court finds, however, that *West Coast Detective Agency* adds little towards the resolution of the instant motion. Although the Ninth Circuit discussed *Occidental Life Insurance*, that court completely ignored the then-recent Supreme Court opinion in *DelCostello*. Accordingly, this court finds that application of the NLRA's six-month statute of limitations to the Secretary of Labor is a logical extension not only of Supreme Court precedent, but also of the Third Circuit's holdings in *Local Union 1397* and *Grasty*.

Furthermore, under the "public purpose/private purpose" analysis this court notes that:

> [A]s in any case of statutory interpretation, various indicia may be relevant to

an analysis of congressional intent. Depending upon the specific statute at issue and the salience of the interpretative guidelines, resolution of congressional intent may turn on any number of factors.

*Donovan v. Square D Co.*, 709 F.2d 335, 338 n. 8 (5th Cir.1983). Accordingly, this court finds that the policy reasons which the Third Circuit embraced in applying a six-month statute of limitations to actions brought under section 102 of the LMRDA, *see, e.g., Local Union 1397*, 748 F.2d at 184 (noting that six months is an adequate period of time in which to bring action in light of the nature of collective bargaining agreements), are equally applicable to actions brought by the Secretary of Labor to enforce section 104 of the LMRDA.[14]

**C.** *Cross-motions for Summary Judgment*

Furthermore, because this action is barred by the six-month statute of limitations, this court need not address the parties' cross-motions for summary judgment as to the import of section 414 of the LMRDA.

### III. CONCLUSION

In sum, this court notes that it would be anomalous to conclude that a claim arising from essentially the same statute would be governed by two different limitations periods (one being six months, the other, no time limit at all) depending on the named plaintiff. *Cf. Grasty, supra*, 828 F.2d at 132 (noting potential anomaly for differing limitations periods depending solely on the name given to a particular action). This court finds that the rationale for applying a six-month limitations period to any LMRDA Title I action, as stated in *Local Union 1397*, is the same regardless of the named plaintiff.[15] Accordingly, the Secretary of Labor is barred from bringing this LMRDA action because more than six months has elapsed since Ms. Colmenares complained to the Department of Labor

---

14. With respect to plaintiff's contention that six months is too short a period of time for the Secretary of Labor to bring an action and thereby frustrates the legislative intent of the LMRDA, this court is unable to find any congressional intent to this effect. *See Agency*

*Holding Corp., supra*, —— U.S. at ——, 107 S.Ct. at 2766 (noting Supreme Court's inability to find congressional intent opposing a uniform federal statute of limitations under RICO).

15. This concern, as expressed by the Third Circuit is: "the protection of individual workers

and the Secretary's subsequent commencement of the instant action.[16]

Furthermore, as previously stated in section III(C), *supra*, in view of this court's holding that plaintiff's action is barred by the six-month statute of limitations, this court need not address the parties' cross-motions for summary judgment as to the merits of section 414 of the LMRDA.

For all of the aforementioned reasons, plaintiff's action will be dismissed with prejudice because it was filed beyond the time permitted by the applicable statute of limitations.

Defendant shall submit an order in conformity with this opinion.

from arbitrary action by unions, which have been appointed the exclusive representatives of such individuals in the workplace." *Local Union 1397*, 748 F.2d at 183.

16. Although this court finds that the same statute of limitations is applicable to both the Secretary of Labor and to a private plaintiff, the "public purpose/private purpose" doctrine is significant inasmuch as it concerns the commencement date of the six-month statute of limitations. In other words, this court finds that the statute of limitations begins to run against the Secretary of Labor upon notice to the Secretary and not upon the prior refusal by Local 427 to accede to Ms. Colmenares' request to view the agreements in question.

If this court were to find otherwise, it could not best achieve the balance between prompt resolution of a dispute between the individual and the union, and furtherance of the Department of Labor's responsibility to discharge its administrative duty to conduct pre-enforcement investigation and settlement attempts. *See Occidental Life Insurance*, 432 U.S. at 368, 97 S.Ct. at 2455. For example, under the current six-month statute, if an individual were to complain to the Secretary of Labor on the 179th day after an alleged violation, the Secretary would be placed in the entirely untenable situation of having to undertake its case investigation and thereafter render a litigation decision within twenty-four hours.