Elijah M. RASHAED,
Petitioner-Appellant,

v.

WISCONSIN DEPARTMENT OF REVENUE,
Respondent-Respondent.

Court of Appeals

*No. 2013AP366. Submitted on briefs October 7, 2013.
—Decided December 27, 2013.*

2014 WI App 7

(Also reported in 842 N.W.2d 487.)

On behalf of the petitioner-appellant, the cause was submitted on the briefs of *James A. Walrath* of *Zetley Law Offices, S.C.*, Milwaukee.

On behalf of the respondent-respondent, the cause was submitted on the brief of *F. Thomas Creeron III*, assistant attorney general, and *J.B. Van Hollen*, attorney general.

Before Blanchard, P.J., Lundsten and Kloppenburg, JJ.

¶ 1. LUNDSTEN, J. Elijah Rashaed appeals the circuit court's order affirming a Tax Appeals Commission decision. The commission upheld the Department of Revenue's determination that Rashaed is personally liable for sales taxes from the years 1998–2000 owed by one or more businesses Rashaed operated. The parties agree that there is generally a four-year statute of limitations for imposing liability for a sales tax deficiency, regardless of willfulness. *See* WIS. STAT. § 77.59(3) (2011–12).[1] However, under WIS. STAT. § 77.60(9), the provision at issue in this case, there is no limitations period when the Department seeks to impose personal liability on persons who willfully fail to pay, account for, or collect a tax they were required to pay, account for, or collect. Rashaed challenges § 77.60(9) on equal protection grounds, arguing that the absence of a limitations period, when compared with the general four-year limitations period applicable to liability under § 77.59(3), lacks a rational basis. We agree with the circuit court that Rashaed has not identified an equal protection problem, and affirm.

### Background

¶ 2. The underlying sales taxes at issue total approximately $191,000. The taxes were owed by one or more business entities associated with a clothing store that Rashaed operated. Although the taxes were for periods ending in 1998, 1999, and 2000, the Department did not seek to hold Rashaed personally liable for the taxes until some time in 2009.[2]

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

[2] In this opinion, we refer only to "sales" taxes for ease of discussion, even though we are uncertain whether the tax

¶ 3. Rashaed petitioned the Department for redetermination of his liability for the taxes, and the Department denied his petition. His efforts to have his tax liability overturned by the commission and the circuit court were also unsuccessful.

### *Discussion*

¶ 4. The only issue on appeal is Rashaed's equal protection challenge to Wis. Stat. § 77.60(9). The constitutionality of a statute is a question of law that we review de novo. *Nankin v. Village of Shorewood,* 2001 WI 92, ¶ 10, 245 Wis. 2d 86, 630 N.W.2d 141. "The burden is on the party challenging [a] statute to prove that the statute is unconstitutional beyond a reasonable doubt." *Id.* The courts "indulge 'every presumption to sustain the law if at all possible.' " *Id.* (quoted source omitted). We conclude, for the reasons explained below, that Rashaed fails to meet his burden.

¶ 5. Rashaed does not argue that this case involves a suspect class or a fundamental right or interest. Accordingly, the only question is whether there is a rational basis for the statutory classification that the legislature has created. *See id.,* ¶ 11 ("[W]here the statutory classification does not involve a suspect class or a fundamental interest, we will sustain the classification if there exists any rational basis to support it.").

¶ 6. "Whether a legislative distinction between otherwise similarly situated persons violates equal protection depends upon whether there is a reasonable

amounts at issue here include only sales taxes or both sales and use taxes. The parties do not suggest that it matters whether just one or both taxes are involved, and it appears that both taxes are treated the same under the pertinent statutes.

basis to support it." *State v. Dennis H.*, 2002 WI 104, ¶ 31, 255 Wis. 2d 359, 647 N.W.2d 851. We will uphold the legislature's classification as having a rational basis unless

> "the legislature has made an irrational or arbitrary classification . . . that has no reasonable purpose or relationship to the facts or a proper state policy." Any doubts must be resolved in favor of the reasonableness of the classification.
>
> " 'The fact [that] a statutory classification results in some inequity . . . does not provide sufficient grounds for invalidating a legislative enactment.' " . . . "[t]he basic test is not whether some inequality results from the classification but whether there exists a rational basis to justify the inequality of the classification."

*Metropolitan Assocs. v. City of Milwaukee*, 2011 WI 20, ¶¶ 61–62, 332 Wis. 2d 85, 796 N.W.2d 717 (quoted sources and citation omitted). If the legislature has not expressly articulated the basis for its classification, the court is "obligated to construct a rationale if at all possible." *Id.*, ¶ 63.

¶ 7. The parties agree on the pertinent statutory framework that creates the categories that are treated differently in terms of statutory time limits on liability. As indicated above, there is a general four-year statute of limitations for determinations of sales tax deficiencies. *See* Wis. Stat. § 77.59(3). However, under Wis. Stat. § 77.60(9), there is no statute of limitations when the Department seeks to impose personal liability on a person who does not himself or herself owe taxes, but who is obligated to ensure payment of taxes owed by a taxpaying entity. More specifically, no statute of limitations applies when:

- The person is "required to collect, account for or pay the amount of tax imposed";

- The person "willfully" fails to collect, account for, or pay the tax; and

- The person's "principal is unable to pay such amounts."

WIS. STAT. § 77.60(9).

¶ 8. As a threshold matter, we note that we treat Rashaed's equal protection challenge as a facial challenge, and not as an "as applied" challenge. As the Department points out, the supreme court has explained the distinction this way:

> "If a court holds a statute unconstitutional on its face, the state may not enforce it under any circumstances, unless an appropriate court narrows its application; in contrast, when a court holds a statute unconstitutional as applied to particular facts, the state may enforce the statute in different circumstances."

*State v. Konrath*, 218 Wis. 2d 290, 304 n.13, 577 N.W.2d 601 (1998) (quoted source omitted). Rashaed's brief-in-chief does not address this distinction or how it might affect our analysis. The Department argues in its responsive brief that WIS. STAT. § 77.60(9) is constitutional both on its face and as applied to Rashaed. In his reply brief, Rashaed asserts that he is making both types of challenges, but we can discern no developed as-applied argument. Accordingly, we address Rashaed's facial unconstitutionality arguments and ignore his assertion that he makes an "as applied" challenge.

¶ 9. Rashaed states that this case presents the question whether there is a rational basis to treat "taxpaying businesses" differently from "their officers"

who are responsible for actually paying the businesses' taxes. Thus, Rashaed appears to assert that the legislature has created, and improperly treated differently, the following two categories:

(1) Sales taxpayers that are generally businesses and that are deficient in their payment of sales taxes, but not willfully so.

(2) Business officers and other natural persons, such as Rashaed, who are responsible for paying taxes owed by businesses and who willfully fail to fulfill that responsibility.

At the same time, Rashaed points out that his first category, "businesses," includes not only business entities but also "natural persons."[3] To the extent that Rashaed is saying that the key distinction between the

---

[3] The category of taxpayers subject to the four-year statute of limitations includes any "person" as broadly defined in Wis. Stat. § 77.51(10), which includes natural persons. Section 77.51(10) provides:

> "Person" includes any *natural person*, firm, partnership, limited liability company, joint venture, joint stock company, association, public or private corporation, the United States, the state, including any unit or division of the state, any county, city, village, town, municipal utility, municipal power district or other governmental unit, cooperative, unincorporated cooperative association, estate, trust, receiver, personal representative, any other fiduciary, any other legal entity, and any representative appointed by order of any court or otherwise acting on behalf of others.

Wis. Stat. § 77.51(10) (emphasis added); *see also* Wis. Stat. § 77.59(3). The category of persons subject to no statute of limitations under Wis. Stat. § 77.60(9) appears to be limited to natural persons:

> The personal liability of such person as provided in this subsection shall survive the dissolution of the corporation or other form of business association . . . . "Person", in this subsection, includes an officer, employee or other responsible person of a corporation or

two categories is that, in general, the first category is *primarily* comprised of business entities while the second category is comprised of natural persons, he misses the mark. The most important distinction between the two categories is willfulness in non-payment of taxes.

¶ 10. Rashaed never comes to grips with the proposition that different treatment may be rationally based on a difference in culpability. Persons who merely fail to pay taxes are not as culpable as persons who willfully fail to pay. Rashaed does not demonstrate that this justification for the difference in treatment is irrational.

¶ 11. As the circuit court reasoned, the legislature could have rationally concluded that it may take longer to identify, locate, and collect against natural persons who willfully fail to meet their obligations as specified in WIS. STAT. § 77.60(9). Indeed, the commission's decision contains detailed factual findings supporting a conclusion that Rashaed evaded payment of business tax liabilities for several years by, among other things, repeatedly changing his name. While we need not rely on the commission's findings to conclude that the classification has a rational basis, those findings illustrate the type of situation that the legislature could have contemplated.

¶ 12. Rashaed's primary equal protection argument appears to be that the different statute-of-limitations treatment of the two categories is irrational because, as to the second category (the one including Rashaed), having an "unlimited" statute of limitations on

other form of business association or a member, employee or other responsible person of a partnership, limited liability company or sole proprietorship who, as such officer, employee, member or other responsible person, is under a duty to perform the act in respect to which the violation occurs.

WIS. STAT. § 77.60(9).

personal liability is inherently irrational.[4] We are not persuaded.

¶ 13. Rashaed supports this argument with case law stating that unlimited statutes of limitations are "repugnant to the genius of our laws." *See Adams v. Woods*, 6 U.S. (2 Cranch) 336, 342 (1805); *United States v. Mayo*, 26 F. Cas. 1230, 1231 (C.C.D. Mass. 1813). In *Adams*, the Supreme Court further stated that "it could scarcely be supposed that an individual would remain forever liable to a pecuniary forfeiture." *Adams*, 6 U.S. (2 Cranch) at 342.

¶ 14. While these cases might at first seem to support Rashaed, they do not involve constitutional questions, and Rashaed does not address contrary case law that seems to more plainly address the topic. For example, in *Lucia v. United States*, 474 F.2d 565 (5th Cir. 1973), the court explained that "there is no substantive or fundamental right to the shelter of a period of limitations . . . . [T]he extent to which a tax assessment is barred by time is within exclusive Congressional control, unlimited by the Constitution." *Id.* at 569–70; *see also E.I. Dupont De Nemours & Co. v. Davis*, 264 U.S. 456, 462 (1924) (reasoning that "an action on behalf of the United States in its governmental capacity . . . is subject to no time limitation, in the absence of congressional enactment clearly imposing it"); *Mullikin v. United States*, 952 F.2d 920, 927–29 (6th Cir. 1991) (referencing several "unlimited" statutes of limitations in the federal tax code and explaining that "the government is not subject to a statute of limitations on a cause of action in its favor unless the government expressly so provides").[5]

---

[4] We follow Rashaed's lead in referring to the absence of a limitations period as an "unlimited" statute of limitations.

[5] That is not to say that delays in pursuing tax liabilities in

¶ 15. For support, Rashaed also relies on *State v. Chrysler Outboard Corp.*, 219 Wis. 2d 130, 580 N.W.2d 203 (1998). He asserts that the court in *Chrysler Outboard* rejected an "open-ended" statute of limitations and that the court's reasoning shows that unlimited statutes of limitations are irrational. But *Chrysler Outboard* actually undercuts Rashaed's position.

¶ 16. As the Department points out, the pertinent issue in *Chrysler Outboard* was whether the court—not the legislature—should apply the so-called "discovery rule" to a certain class of pollution claims, thus creating an "open-ended" statute of limitations for those claims. *See id.* at 156–58. The court declined to apply the discovery rule, concluding that application of the rule in that context was a policy choice *for the legislature. Id.* The court reasoned that " 'Wisconsin courts have traditionally held that statutes of limitation are policy considerations within the province of the legislature,' " and that "the decision to adopt an open-ended discovery rule of this sort is a course of action that should be undertaken only after substantial review by the legislature." *Id.* at 156 (quoted source omitted). Here, the legislature did make the policy choice.

¶ 17. Based on this case law and on the nature of an equal protection challenge, we think it clear that the real question here is not whether an unlimited statute of limitations is inherently irrational, but rather whether there is a rational basis for the legislature to apply a statute of limitations to one class but not the other. We agree with the circuit court and the Depart-

particular cases might not implicate due process concerns, such as when a long delay impedes a taxpayer's ability to present a defense. But Rashaed makes no such due process argument.

ment that Rashaed's remaining arguments on this topic fall short. We identify and reject each below.[6]

¶ 18. Rashaed argues that the legislature failed to "voice its reasoning" for the classification and that the reasons we rely on are mere "conjecture" or "speculation" as to the legislature's motives. This argument fails because courts are obligated to look for supportive rationales when the legislature does not expressly provide one. *See Metropolitan Assocs.*, 332 Wis. 2d 85, ¶ 63.

¶ 19. Rashaed argues that the circuit court failed to consider the purposes behind statutes of limitations, including promoting diligence, preventing loss of evidence, screening out meritless claims, and allowing the psychological comfort of repose. As we understand it, Rashaed is arguing that the circuit court, and now this court, must consider these policy considerations because a classification must be "germane to the purpose of the law." *See Nankin*, 245 Wis. 2d 86, ¶ 39. Assuming for argument sake that these considerations favor uni-

---

[6] Rashaed loosely ties some of his arguments to the five-part test that courts sometimes use to analyze equal protection challenges. That five-part test is: (1) the classification must be based upon "substantial distinctions" which make one class "really different" from another; (2) the classification must be "germane to the purpose of the law"; (3) the classification must "not be based upon existing circumstances only," meaning that the classification "must not be so constituted as to preclude addition to the numbers included within the class"; (4) "[t]o whatever class a law may apply, it must apply equally to each member thereof"; and (5) the characteristics of each class should be "so far different from those of other classes as to reasonably suggest at least the propriety, having regard to the public good, of substantially different legislation." *See, e.g., Nankin v. Village of Shorewood*, 2001 WI 92, ¶ 39, 245 Wis. 2d 86, 630 N.W.2d 141. We reference parts of the test when pertinent.

form treatment of the two categories, it remains true that the legislature could have rationally concluded that other objectives, including objectives related to the purposes of the sales tax liability statutes, outweigh them.

¶ 20. Rashaed's next argument relates to the requirement that a classification must be based upon "substantial distinctions" which make one class "really different" from another. *See id.* Rashaed argues that the classification here runs afoul of this requirement because a person's tax liability under WIS. STAT. § 77.60(9) is "derivative" of the business's tax liability. Rashaed points to a 1996 commission decision that states:

> Under the provisions of sec. 77.60(9), Wis. Stats., the liability *is* derivative. An assessment made pursuant to said section is not in the form of a personally assessed penalty, but is a transfer of the corporation's actual liability, including interest and penalties thereon.

*Drilias v. DOR*, TAC Docket Nos. 90–S-466 & 90–W-467, 1996 WL 288062, at \*4 (Wis. Tax App. Comm'n May 31, 1996). We reject Rashaed's argument based on *Drilias* because the commission's decision in that case does not involve an equal protection analysis (or any other constitutional issue), and Rashaed does not explain why the derivative or transferred nature of the liability might matter for purposes of equal protection. The legislature created a substantial and real distinction between a class of taxpayers that are merely deficient in paying their taxes and a class of persons who willfully breach their tax-related obligations. The fact that the underlying liability may be "derivative," "transfer[red]," or even the same is, so far as we can tell, beside the point. It is the two *classes* that must be "really different." *See Nankin*, 245 Wis. 2d 86, ¶ 39.

¶ 21. Finally, Rashaed argues that the classification at issue is not rational because the legislature provided a six-year statute of limitations for felony sales tax violations. Rashaed appears to argue that this undermines any conclusion that culpability could provide a rational basis for the unlimited statute of limitations for civil liability under WIS. STAT. § 77.60(9). We disagree. The legislature could have rationally concluded that civil liability (or the threat of it) for an unlimited period is a less severe consequence than felony criminal liability (or the threat of it) for a six-year period.

### *Conclusion*

¶ 22. In sum, for the reasons stated, we reject Rashaed's equal protection challenge to WIS. STAT. § 77.60(9). We affirm the circuit court's order upholding the commission's decision that Rashaed is personally liable under § 77.60(9) for the taxes at issue.

*By the Court.*—Order affirmed.