## Case No. 15,754.

### UNITED STATES v. MAYO.

[1 Curt. 433; [1] 2 Liv. Law Mag. 326.]

Circuit Court, D. Massachusetts. Oct. Term, 1853.

CRIMINAL PRACTICE—PLEA BY ATTORNEY.

Under what circumstances a person indicted for a misdemeanor, may plead by attorney.

[Cited in People v. Genet, 59 N. Y. 82; People v. Redinger, 55 Cal. 294; State v. Conners, 20 W. Va. 5; State v. Garland, 67 Me. 426.]

Mr. Dodge moved to be allowed to plead to the indictment, which was for beating a seaman, in the absence of the defendant [Amariah Mayo]. He produced a special power of attorney from the defendant to himself, authorizing him to plead and defend at the trial, in the absence of the defendant; and also an affidavit, showing that the defendant was master of a vessel, bound on a voyage and ready for sea, when he was arrested; and that if he were to remain till the trial, he would lose his voyage, and be subjected to much other inconvenience. The district attorney consented to the motion, stating that it was a case of no aggravated character.

---

## Case No. 15,755.

### UNITED STATES v. MAYO.

[1 Gall. 396.] [1]

Circuit Court, D. Massachusetts. May Term, 1813.

EMBARGO—PENALTIES—LIMITATION.

Penalties under the embargo act of January 9th, 1808, c. 8 [2 Stat. 453], are to be sued for within the time limited by the statute of limitations of April 30th, 1790, c. 9 [1 Stat. 112], and not by the act of March 2d, 1799, c. 128, § 89 [1 Story's Laws, 653; 1 Stat. 695, c. 22], or the act of March 26th, 1804, c. 40 [2 Stat. 290].

[Cited in Walsh v. U. S., Case No. 17,116; U. S. v. Six Fermenting Tubs, Id. 16,296.]

[Error to the district court of the United States for the district of Massachusetts.]

Debt for a penalty under the embargo law of 1808. The defendant [Asa Mayo] pleaded, —1st, the general issue; 2d, the statute limiting prosecutions for any fine or forfeiture under any penal statute to two years from the time of committing the offence. [1 Stat. 112.] To this plea there was a demurrer and joinder.

G. Blake, for the United States.
B. Whitman, for defendant.

STORY, Circuit Justice. The question on this record is, whether the limitation of the 32d section of the act of 30th of April, 1790, c. 9, be applicable to an action of debt, brought to recover a pecuniary penalty, under the 3d section of the act of 9th of January, 1808, c. 8. Since the case of Adams v. Woods, 2 Cranch [6 U. S.] 336, which I confess, at first, struck my mind as going a great length in construction, it must be considered as settled law, that an action of debt for a penalty arising under a statute previously or subsequently enacted is within the purview of that section. It is contended, however, on the part of the United States, that the present case is extracted from that section, by the direct provisions of the 6th section of the act of 9th of January, 1808, c. 8, or of the 3d section of the act of 26th of March, 1804, c. 40. The latter section provides, that any person or persons, guilty of any crime arising under the revenue laws of the United States, or incurring any fine or forfeiture by breaches of the said laws, may be prosecuted, &c. at any time within five years after committing the offence or incurring the fine or forfeiture. It is argued, that the present is a case arising under the revenue laws of the United States, and that in an enlarged sense, these words embrace all laws, where any fine or forfeiture accrues to the government. I have no

---

[1] [Reported by Hon. B. R. Curtis, Circuit Justice.]

[1] [Reported by John Gallison, Esq.]

difficulty in rejecting this construction, as it would draw within its grasp every crime to which a pecuniary fine or forfeiture attaches by law, of whatsoever character it might be; and I might add, that not a single law inflicting a forfeiture would escape its comprehensive power. The true meaning of "revenue laws" in this clause is, such laws as are made for the direct and avowed purpose for creating and securing revenue or public funds for the service of the government. No laws, whose collateral and indirect operation might possibly conduce to the public or fiscal wealth, are within the scope of the provision. The argument on this head therefore utterly fails.

The principal difficulty undoubtedly arises from the language of the 6th section of the act of 9th of January, 1808. That section declares, that all penalties and forfeitures, incurred by force of that act, shall be sued for, recovered, distributed and accounted for in the manner prescribed by the act of the 2d of March, 1799. The latter act, in the 89th section, after providing for the suing and recovering of all penalties and forfeitures accruing by any breach of the act, declares that no action or prosecution shall be maintained in any case under the act, unless the same shall have been commenced within three years after the penalty or forfeiture was incurred. The 91st section then provides for the distribution of all penalties and forfeitures. Does the direction, that the penalties, &c. shall be sued for and recovered in the manner prescribed in the act of 1799, include the limitation, as to the time, within which the suit shall be brought? The act of 1799 is, within the most restricted sense of the terms, a "revenue law," and therefore the clause limiting the suits and prosecutions to three years is repealed by the act of 1804. If there had been no act limiting the time, within which prosecutions on penal statutes should generally be brought, there would have been considerable force in the argument, that the limitation of the act of 1799 was intended to be embraced in the 6th section of the act of 1808, for the reason stated by the court in Adams v. Woods [supra], that it would be utterly repugnant to the genius of our laws, to allow such prosecutions a perpetuity of existence. The argument is weakened by the existence of such general limitation, by a consideration of the temporary nature and objects of the act in question, and by the fact that the limitation of the act of 1799, was, as to cases within that act, completely repealed. Can it for a moment be believed, that the legislature meant to revive, as to the embargo laws, a limitation which had no legal existence, as to any other law? The language employed, in its natural and ordinary import, does not require such a construction, but is satisfied by the exposition, that the penalties were to be sued for and recovered, with costs, in the name of the United States, and

to be distributed and accounted for, as in the ninety-first section of the act of 1799. I do not feel at liberty, upon slight grounds, to disturb the opinion of the district court [case unreported], and to take away the benefit of what may be called a general statute of repose and amnesty, which the legislature has deemed sufficiently extensive for the public security in all but its revenue laws. Judgment affirmed.