## STATE vs. LEVI GOLDENBERG.

1. PAWNBROKERS AND MONEY LENDERS—STORAGE CHARGES NOT PART OF AUTHORIZED RATE OF "INTEREST."
   Defendant, who in addition to demanding and receiving 3 per cent. per month on money advanced on pledged property, demanded and received 3 per cent. per month as storage charges, is not guilty of a violation of *Act. Gen Assem. April* 10, 1919 (30 *Del. Laws, c.* 83), amending *Code* 1915, § 1203, as to pawnbrokers not receiving a greater rate of interest than 3 per cent. per month, "interest" not including "storage" when statute is strictly construed, as it must be, since it imposes a penalty.

2. STATUTES—PENAL PROVISIONS STRICTLY CONSTRUED.
   Those parts of statute imposing a penalty must be strictly construed.

3. PAWNBROKERS AND MONEY LENDERS—EXCESSIVE INTEREST; QUESTION FOR JURY.
   Whether storage charges demanded and received by defendant pawnbroker in addition to interest is a subterfuge to evade *Acts Gen. Assem. April* 10, 1919 (30 *Del. Laws, c.* 83), amending *Rev. Code* 1915, § 1203, forbidding under penalty the charging of more than 3 per cent. interest on money loaned on property pledged, is a question for the jury.

(*November* 19, 1919.)

CONRAD and HEISEL, J. J., sitting.

*P. Warren Green*, Deputy Attorney-General, for the State.

*Philip L. Garrett* for the accused.

Court of General Sessions for New Castle County, September Term, 1919.

INDICTMENT No. 142, September Term, 1919.

Levi Goldenberg was indicted for violating *Rev. Code* 1915, § 1203, as amended by 30 *Del. Laws, p.* 195. Verdict not guilty.

The case was heard by the court on an agreed statement of facts which, together with the question of law raised, sufficiently appear in the opinion of the court.

HEISEL, J., delivering the opinion of the court:—The defendant is indicted for violating section 1203 of the *Code* as amended by 30 *Del. Laws, p.* 195, and is charged in the several counts of the indictment with conducting the business of a pawnbroker and having asked, demanded or received a greater rate of interest than three per centum per month on a loan secured by a pledge of personal property. The question for the determination of the court

arises upon a case stated, wherein it is agreed by the Attorney General and counsel for the defendant, that the defendant on the sixteenth day of September, 1918, conducted the business of a pawnbroker in Wilmington, and on that day received in pawn a coat and ring, at which time defendant asked and demanded of the person pawning them three per centum per month on the money loaned, and also an additional sum of three per centum per month on the amount of the loan, as storage for said goods while in defendant's possession; and that afterwards defendant received a sum of money equalling three per centum per month on the money advanced on said pledged property, and a further sum of three per centum per month as storage on said property. Should the court be of opinion that the asking, demanding and receiving by defendant of said three per centum per month as interest and the said three per centum per month as storage constituted a greater rate of "interest" than three per centum per month, a verdict of guilty is to be entered, otherwise a verdict of not guilty.

[1] The contention of the state is, that the rate of interest of three per centum per month provided by the amendment to *section* 1203, included every legal charge that could be made for the loan of money under what is known as the *Pawnbrokers' Act,* of which *section* 1203 is a part, and that any other or further charge for storage, or other service, in connection with such loan, no matter by what other term it may be designated, was included under the word "interest" as used in the amendment, and, therefore, in violation of the amendment.

Counsel for defendant contends that the word "interest" has a well defined meaning which is generally understood, and that the part of the statute under consideration being penal, it cannot be construed to mean or include "storage."

*Section* 1203 before amendment was as follows:

"No person, corporation or firm so conducting the business of a pawnbroker shall ask, demand or receive a greater rate of interest than eight per centum per month on any loans secured by pledge of personal property, provided, however, that where such loan is secured by pledge of personal property requiring extra care to prevent injury or loss during disuse, such person, corporation or firm may charge such reasonable sum for storing and taking care of the same as such person, corporation or firm shall deem reasonable, not to exceed three per centum per month."

The amendment repealed that section and provided:

"No person, corporation or firm so conducting the business of a pawn-broker shall ask, demand or receive a greater rate of interest than three per centum per month on any loans secured by pledge of personal property."

The amendment to *section* 1203 not only reduced the rate of interest from eight to three per cent. per month, but also repealed the provision allowing an additional charge of three per cent. per month on the amount of the loan for storage or taking care of the property pledged.

Taking into consideration the objects of the whole statute relating to pawnbrokers and this amendment, we think the Legislature clearly intended that the three per cent. per month interest provided in the amendment should be the only charge asked, demanded or received by pawnbrokers for the loan of money under the statute; and that any other or further charge asked, demanded or received for storage, or taking care of the property pledged, would be contrary to the true intent and meaning of the statute

But does it necessarily follow, that one who asks, demands or receives such further charge for storage has violated the amendment, which provides only, that no greater rate of interest shall be asked, demanded or received, than three per cent. per month, and thereby subject him to criminal prosecution and the penalty of fine and imprisonment? We think not.

While the statute in question is for the regulation of pawnbrokers, and for the purpose of raising revenue, it is, nevertheless, also penal in some of its provisions, and such penal provisions should be construed with the strictness universally recognized by the rules of statutory construction when applied to penal statutes.

[2] The statute nowhere in terms, prohibits the pawnbroker from charging for storage of personal property in pledge during the time of the loan, and while, as we have said, we think the meaning and intent of the whole act is that no other or further charge should be asked, demanded or received, than the interest charge of three per cent. per month, we are obliged to construe those parts of the statute for a violation of which a penalty is imposed, strictly, and not extend them by implication.

We are, therefore, of opinion that while the defendant did violate the meaning and intent of the statute in question when he asked, demanded or received three per cent. per month on the amount of the money loaned, for storage for the property pledged, in addition to three per cent. per month interest on that amount, we cannot say, as a matter of law, that he is guilty of violating the provisions of the amendment, and by implication construe interest to mean storage when the effect of such construction would be to charge a crime.

[3] The question of whether the charge asked, demanded or received above three per centum per month for interest is for interest, or for some other service is a question of fact, for the determination of a jury, and it is for a jury to decide whether the excess charge is in good faith, a charge for storage or for some other purpose than for interest, or whether it is only a subterfuge used to evade the restrictions of the statute.

Let a verdict of not guilty be entered.