**OPINION OF THE JUSTICES of the Supreme Court in Response to a Question Propounded by the Governor of Delaware.**

Supreme Court of Delaware.

July 13, 1967.

To His Excellency Charles L. Terry, Jr.
  Governor of Delaware.

Reference is made to your letter of July 5, 1967 addressed to the Chief Justice requesting the opinion of the members of the Supreme Court upon the constitutional enactment of House Bill No. 173, as amended by House Amendment No. 1, of the 125th General Assembly.

The precise question upon which you have requested our opinion reads as follows:

> "Has House Bill No. 173 as amended by House Amendment No. 1 been constitutionally enacted by the General Assembly of the State of Delaware?"

You have submitted to us a copy of House Bill No. 173 as amended. This bill is an amendment of 8 Del.C., § 361(a) and, as such, an amendment of the General Corporation Law of the State. Art. IX, § 1 of the Constitution, Del.C.Ann., provides:

> "No general incorporation law, nor any special act of incorporation, shall be enacted without the concurrence of two-thirds of all the members elected to each House of the General Assembly."

The State of Delaware is committed to the rule of law known as the Enrolled Bill Doctrine, the effect of which is to prevent a court, in the consideration of the constitutionality of the enactment of any piece of legislation, from going back of the enrolled bill and considering any matter which took place in the General Assembly prior to the final passage of the bill. State ex rel. Craven v. Schorr, 11 Terry 365, 131 A.2d 158. As a matter of fact, the application of the doctrine is constitutionally required in this State. This results from an amendment to Art. II, § 10 of the Constitution adopted to invalidate the decision in Rash v. Allen, 1 Boyce 444, 76 A. 730, which had adopted the Journal Entry Doctrine as opposed to the Enrolled Bill Doctrine.

We understand that this bill, while it has passed both Houses of the General Assembly, has not as yet received your approval. Nevertheless, we will consider the question as though it had in fact received your approval. This assumption requires the application of the Enrolled Bill Doctrine.

The actual draft of the bill submitted to you for approval or disapproval recites in the enacting clause as follows:

"Be it enacted by the General Assembly of the State of Delaware."

 By long-established custom, the General Assembly has invariably included in the enacting clauses of proposed legislation a statement to the effect that the bill has received the concurrence of a constitutionally required majority when such a requirement exists. A presumption, therefore, arises from the failure to recite such a concurrence that the bill did not receive more than a simple majority of each House. The application of the Enrolled Bill Doctrine requires the application of such presumption in this case.

We understand the fact to be that House Bill No. 173 did not receive the affirmative vote of more than a simple majority in each House; but such information may not be considered in view of the prohibition required by the Enrolled Bill Doctrine against going behind the face of the bill, itself. The fact must be presumed, however, in view of the failure to recite in the enacting clause the concurrence of more than a simple majority of members, that House Bill No. 173 received only a simple majority concurrence.

 The point, therefore, becomes whether or not an amendment of the General Corporation Law of the State may be made by the affirmative vote of a bare majority of the members of both Houses of the General Assembly, or whether, to make such an amendment, a larger majority of all members of each House is required.

Article IX, § 1 of the Constitution prohibits the enactment of any General Incorporation Law or any special act of incorporation without the concurrence of two-thirds of all of the members elected to each House of the General Assembly. House Bill No. 173 as amended is, of course, a purported amendment of the General Corporation Law of the State.

The same constitutional requirement as to affirmative vote in the General Assembly for passage of a General Corporation Law is likewise required for amendment of that law. State ex rel. Morford v. Emerson, 1 Terry 328, 10 A.2d 515.

 It follows, therefore, that in the absence of the concurrence of two-thirds of the members of each House of the General Assembly, House Bill No. 173, as amended, has failed to receive the constitutionally required majority and, therefore, is an invalid enactment by the General Assembly.

The answer to the question stated above is, therefore, in the negative.

Respectfully submitted,

DANIEL F. WOLCOTT
Chief Justice

JAMES B. CAREY
DANIEL L. HERRMANN
Associate Justices