**STATE of Delaware**

v.

**Carl. J. HASKINS, Defendant.**

Superior Court of Delaware,
New Castle County.

Submitted: March 4, 1987.
Decided: March 5, 1987.

Deborah A. Blom, Dept. of Justice, Wilmington, for the State.

Ralph K. Durstein of Keith & Koffenberger, Wilmington, for defendant.

## OPINION

GEBELEIN, Judge.

The defendant in this action, Carl J. Haskins, was convicted after a jury trial of two counts of Rape First Degree and one count of Attempted Rape First Degree. Although these offenses took place prior to July 9, 1986, the defendant's trial did not commence until November 17, 1986 and concluded with a verdict on November 21, 1986. After the verdict was returned, the defendant's bail was revoked and a presentence investigation was ordered. In addition, the Court requested the parties to submit argument on the effect of recent amendments to the sexual offense laws upon sentencing of the defendant.

The issue raised by the amendments is what effect, if any, 11 *Del. C.* § 4209A has upon this particular case. That section of the law currently reads:

§ 4209A. Punishment for unlawful sexual intercourse in the first degree.

Any person who is convicted of unlawful sexual intercourse in the first degree shall be punished by imprisonment for not less than 20 years without benefit of probation or parole or any other reduction. 11 *Del. C.* § 4209A.

This section of the *Delaware Code* was amended as part of a comprehensive redrafting of the laws prohibiting sex offenses. This rewriting of the laws relating to sex crimes was accomplished by the General Assembly with extensive assistance of the Department of Justice.[1] The

---

1. This factual statement is not contested by the parties.

Governor approved of the revision and signed it into law.

■ This revision extensively modified the laws governing sex offenses creating new crimes and deleting old offenses. The Act further created new definitions of terms and created several levels of felonies for specified sex offenses. The language of the Act most pertinent to this case is the language amending the old § 4209A:

Amend § 4209A, Chapter 42, Title 11 of the Delaware Code by striking first degree rape (sic) as it appears in the section title and in the section and by substituting in lieu thereof the phrase "unlawful sexual intercourse in the first degree". 65 *Del. Laws*, c. 494, Section 3.

This language clearly strikes First Degree Rape from the sentencing provision in question. Thus, the enhanced penalty for First Degree Rape appears to be explicitly repealed by the Act. In fact, no statutory language now exists mandating a twenty year mandatory sentence for First Degree Rape.

The State contends, however, that the General Assembly did not inted to repeal the enhanced penalty for First Degree Rape. Rather, the State argues the amendment of § 4209A was merely intended to add the offense of Unlawful Sexual Intercourse in the First Degree as one to be punished under § 4209A. The words of Section 3, quoted above do not convey that meaning. The word "strike" means to remove and the phrase "substitute in lieu thereof" means to replace with. Had the General Assembly meant merely to add an offense to those for which such punishment was mandated, it could easily have done so; and certainly would not have used the language found at Section 3.

■ This, however, does not end the Court's inquiry. The State also contends that a savings clause for this penalty section as it existed prior to July 9, 1986 may be implied. The concept of an implied savings clause has been accepted by this Court under extraordinary circumstances. *See for example, State v. Patnovic*, Del.Super., 129 A.2d 780 (1957). The Court in *Patnovic* recognized that finding an implied sav-

ings clause was an exception to the general rule that repeal of a criminal statute precluded further prosecution of those charged under the repealed statute. In *Patnovic*, however, the Court found that where the Legislature repealed a statute and replaced it with an identical statute with the exception that the fine had been increased, the application of the general rule would lead to an absurd result. Thus, the Court created an exception in the following words:

... I hold that where a penal act is amended by increasing the punishment *only*, an implied savings clause must be written into the amendment insofar as concerns all pending prosecutions. *Patnovic, supra* at 782. (Emphasis added.)

The case at issue, however, differs substantially from *Patnovic*.

The amendment in question in this case involves not "only" the increase in a punishment for an existing crime; but rather, the abolition of that crime and the creation of new crimes. The amending Act rewrites the entire subchapter of Title 11, Chapter 5 dealing with sex crimes. It creates a crime called "Unlawful Sexual Intercourse in the First Degree" that is more expansive than First Degree Rape. It creates several new classes of offenses that did not previously exist giving the prosecutor more discretion in charging and/or pleading cases.

■ Even more importantly, the Act includes a specific savings clause which reads as follows:

Sections 761 to 775 of Title 11 of the Delaware Code as amended by the enactment of this law shall apply to all such offenses committed, or alleged to have been committed, on or after the date of the enactment by the amendments. Sections 761 to 774 of Title 11 as they were in effect prior to the date of the amendments enacted today shall govern all offenses committed, or alleged to have been committed, before the date of the enactment of these amendments. Offenses which were committed, or which were alleged to have been committed, during a course of conduct covering a

time period both before and after the date of the enactment of these amendments shall be governed by Sections 761 to 774 of Title 11 as they were in effect on the date prior to the enactment of these amendments. 65 *Del. Laws,* c. 494, Section 5.

This savings clause is located in the Act a mere three lines below the section striking First Degree Rape from Section 4209A. Had there been any intent to save the provisions of § 4209A as they related to then existing criminal conduct, the General Assembly could easily have done so in Section 5 of the Act. That was not done, and the presumption must be that it was intentionally not done.[2]

Finally, this case differs from *Patnovic* in that the result accomplished by giving effect to the language used by the General Assembly does not lead to absurd results. In *Patnovic,* the result would have been that by raising a fine, the Legislature would have set free all defendants pending trial on the very charge they intended to make more serious. In this case, however, the result is that the old § 764 is saved in its entirety by Section 5 of the Act. That section provides that Rape First Degree is a Class A felony which by the terms of 11 *Del. C.* §§ 4204(b) and 4205(b)(1) is punished by life imprisonment. Thus, far from setting the defendant free, the Legislature has merely removed the enhancing provisions of § 4209A which would have precluded parole for 20 years. This Court cannot say that this is such an absurd result as to allow it to ignore the specific language of Chapter 494 of 65 *Del. Laws.*

In any matter involving the interpretation of statutes, the Supreme Court has held that in determining the intent of the Legislature, the Court must first consider the language used. Absent a clearly expressed legislative intention to the contrary, that language must ordinarily be regarded as conclusive. *Giuricich v. Emtrol Corp.,* Del.Supr., 449 A.2d 232, 238 (1982). In this case, the General Assembly "struck" First Degree Rape from § 4209A and "substituted" a new crime "in lieu thereof". There is no expressed legislative intent to the contrary. This Court must, therefore, sentence the defendant consistent with the statute as enacted by the General Assembly.[3]

---

2. *Expressio unius est exclusio alterius.*

3. It should be noted further that were an ambiguity to exist, there exist strong principles of statutory construction that would support the result reached by the Court. There is a general principle that penal statutes are strictly construed against the government. *See* 3 *Sutherland Statutory Construction* § 59.03; and *State v. Goldenburg,* Del.Gen.Ses., 108 A. 137 (1919);

*but see,* 11 *Del. C.* § 203. Likewise, the United States Supreme Court has approved a "rule of lenity" in interpretation of penal statutes and has regarded it as having constitutional dimensions. *See, Busic v. U.S.,* 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980); and *Rowe v. Lockhart,* 8th Cir., 736 F.2d 457 (1984) extending this principle to statutory sentencing provisions.