Jamal A. WICKS, Defendant
Below, Appellant,

v.

STATE of Delaware, Plaintiff
Below, Appellee.

Supreme Court of Delaware.

Submitted: March 22, 1988.
Decided: April 6, 1989.

Nancy J. Perillo, Wilmington, for appellant.

Timothy J. Donovan, Jr. (argued), and David G. Culley, Deputy Attys. Gen., Wilmington, for appellee.

Before CHRISTIE, C.J., HORSEY, and MOORE, JJ.

CHRISTIE, Chief Justice:

The defendant/appellant, Jamal A. Wicks, was convicted in the Superior Court as a result of a nonjury trial of two counts of rape in the first degree, and single counts of kidnapping in the first degree, burglary in the first degree, theft, robbery in the first degree, and possession of a deadly weapon during the commission of a felony. This Court has previously upheld Wicks' conviction in an appeal challenging the validity of the police search of his residence and the subsequent seizure of evidence therein. *Wicks v. State,* Del.Supr., 552 A.2d 462 (1988).

This Court now considers the other issue raised in the appeal, Wicks' challenge to the sentences he received for his two convictions of rape in the first degree. Wicks committed the two rapes on January 17, 1986. He was tried and convicted for them on September 24, 1986. He was sentenced separately for each conviction on January 9, 1987. In each case he was sentenced to a term of life imprisonment, with Wicks to serve the first twenty years of each term without being eligible for probation, parole, or any other reduction in the term.

Wicks contends that the trial court erred when it applied the provisions of 11 *Del.C.* § 4209A and sentenced him to two life terms, the first twenty years of each term to be served without the possibility of probation, parole, or any other reduction in the term. Wicks bases his argument on the holding of the Superior Court in *State v. Haskins,* Del.Super., 525 A.2d 573 (1987). In its opinion in the *Haskins* case, the Superior Court stated that "the enhanced penalty for First Degree Rape appears to be explicitly repealed by the Act. In fact, no statutory language now exists mandating a twenty year mandatory sentence for First Degree Rape." *Id.* at 575. We rule that the Superior Court was mistaken in the *Haskins* case and decline to apply that ruling here.

Since July 21, 1982, the sentencing provi-

sion of 11 *Del.C.* § 4209A [1] mandated that a person convicted of rape in the first degree, a class A felony under 11 *Del.C.* § 764 [2], was to be imprisoned for no less than twenty years without any possible reduction in the term. In 1986, as part of an extensive revision of the laws governing sex offenses, the General Assembly deleted the crime of rape in the first degree from the Code and substituted a crime known as unlawful sexual intercourse in the first degree, which was described as a class A felony.[3] 65 *Del.Laws* ch. 494, Section 1. To establish the commission of unlawful sexual intercourse in the first degree the State must prove all the elements previously required to establish the commission of rape in the first degree.

In Section 5 of the same Act, the General Assembly stated that "Sections 761 to 774 of Title 11 as they were in effect prior to the date of the amendments enacted today shall govern all offenses committed, or alleged to have been committed, before the date of the enactment of these amendments." 65 *Del.Laws* ch. 494, Section 5. In so doing, the General Assembly "saved" the provisions of § 764 defining the crime of rape in the first degree, as to crimes committed before July 9, 1986, the effective date of the amendments. As Wicks' crimes were committed before July 9, 1986, he was prosecuted and convicted under the old statute, 11 *Del.C.* § 764, for rape in the first degree.

Wicks contends, however, that in the same Act, the General Assembly decided not to "save" similarly the enhanced sentencing provisions of 11 *Del.C.* § 4209A as it applied to rape in the first degree. Section 3 of the Act, states "Amend § 4209A, Chapter 42, Title 11 of the Delaware Code by striking first degree rape as it appears in the section title and in the section and by substituting in lieu thereof the phrase 'unlawful sexual intercourse in the first degree'." 65 *Del.Laws* ch. 494, Section 3. This amendment became effective on July 9, 1986. Therefore, Wicks maintains that as of July 9, 1986, absent a specific savings clause, the enhanced sentencing provisions of 11 *Del.C.* § 4209A applied only to convictions of unlawful sexual intercourse in the first degree. He argues that since he was convicted of, and sentenced for, rape in the first degree after July 9, 1986, the provi-

1. § 4209A. *Punishment for First–Degree Rape.*
   Any person who is convicted of first-degree rape shall be punished by imprisonment for not less than twenty years without benefit of probation or parole or any other reduction.

2. § 764. *Rape in the first degree; class A felony.*
   A male is guilty of rape in the first degree when he intentionally engages in sexual intercourse with a female without her consent, and:
   (1) In the course of the offense he inflicts serious physical, mental or emotional injury upon the victim, or
   (2) The victim was not the defendant's voluntary social companion on the occasion of the crime and had not previously permitted him sexual contact.
   Rape in the first degree is a class A felony.

3. § 775. *Unlawful sexual intercourse in the first degree; class A felony.*
   (a) A person is guilty of unlawful sexual intercourse in the first degree when he intentionally engages in sexual intercourse with another person and any of the following circumstances exist:
   (1) The intercourse occurs without the victim's consent, and he inflicts serious physical, mental or emotional injury upon the victim:
   (a) On the occasion of the crime; or
   (b) During the immediate flight from the crime; or
   (c) During an attempt to prevent the reporting of the crime; or
   (2) The intercourse occurs without the victim's consent and the defendant was not the victim's voluntary social companion on the occasion of the crime and had not permitted the defendant sexual intercourse within the previous 12 months; or
   (3) In the course of committing unlawful sexual intercourse in the third degree or unlawful sexual intercourse in the second degree, the defendant displayed what appeared to be a deadly weapon or a dangerous instrument; or
   (4) The victim is less than 16 years of age and the defendant is not the victim's voluntary social companion on the occasion of the crime.
   (b) Nothing contained in this section shall preclude a separate charge, conviction and sentence for possession of a deadly weapon during the commission of a felony.

sions of § 4209A could not be applied by the court.

In the *Haskins* case, the Superior Court decided that the "expression of one thing is the exclusion of others" rule of statutory construction required finding that the provisions of § 4209A as to rape in the first degree had not been saved. *Id.* at 576 n. 2. The court stated that "[h]ad there been any intent to save the provisions of § 4209A as they related to then existing criminal conduct, the General Assembly could easily have done so in Section 5 of the Act. That was not done, and the presumption must be that it was intentionally not done." *Id.* at 576. As the United States Supreme Court has stated, however, "[t]he general rule that the expression of one thing is the exclusion of others is subject to exceptions. Like other canons of statutory construction it is only an aid in the ascertainment of the meaning of the law and must yield whenever a contrary intention on the part of the law-maker is apparent." *Springer v. Government of the Philippine Islands*, 277 U.S. 189, 206, 48 S.Ct. 480, 484, 72 L.Ed. 845, 851 (1928).

This Court has long recognized that "[t]he object of statutory construction is to give a sensible and practical meaning to the statute as a whole in order that it may be applied in future cases without difficulty ... and if a literal interpretation leaves a result inconsistent with the general statutory intention, such interpretation must give way to the general intent." *Nationwide Mut. Ins. Co. v. Krongold*, Del.Supr., 318 A.2d 606, 609 (1974) (citation omitted). *See also Spielberg v. State*, Del.Supr., 558 A.2d 291, 294 (1989); *Mayor and Council of Wilmington v. Dukes*, Del.Supr., 157 A.2d 789, 793 (1960).

In this case, the legislative history of § 4209A shows the General Assembly's intent to impose a mandatory minimum twenty year sentence for conviction of the most serious sexual offense. For almost four years prior to the 1986 amendments, the provisions of § 4209A required the imposition of the mandatory minimum sentence for a conviction of rape in the first degree. As of July 9, 1986, the provisions of § 4209A required the same sentence for a conviction of unlawful sexual intercourse in the first degree. As mentioned previously, the elements of rape in the first degree as were described in 11 *Del.C.* § 764 are fully contained within the provisions of 11 *Del.C.* § 775 as elements of unlawful sexual intercourse in the first degree. The legislative history of the statutes indicates that the General Assembly intended to continue to impose a lengthy mandatory sentence upon a person convicted of the most serious sex offense. To accept Wicks' argument would entail finding that the General Assembly intended to impose a lesser sentence for those individuals who happened to commit the most serious sexual offense before July 9, 1986, but fortuitously were not convicted and sentenced until after that date. Examination of the legislative history, the preexisting statutes, and the 1986 amendments clearly indicate that this was not the intention of the General Assembly. *Cf. Spielberg v. State*, 558 A.2d at 295–296 (catch lines of 1986 revision of laws governing sex offenses may be considered part of the law because they reveal the legislative intent).

In the *Haskins* case, the Superior Court recognized that as a general principle, penal statutes are strictly construed against the government. *State v. Haskins*, 525 A.2d at 576 n. 3. This policy has been followed in Delaware "to insure that no individual is convicted unless a fair warning has been given to the public ... the Court's general objective is still to determine the general intent of the Legislature. Thus, strict construction does not require the Court to adopt an unreasonable construction, or one which results in an injustice which the Legislature should not be presumed to have intended." *State v. Sharon H.*, Del.Super., 429 A.2d 1321, 1328 (1981). *See also Graffagnino v. Amoco Chem. Co.*, Del.Supr., 389 A.2d 1302, 1304 (1978); *Dooley v. Rhodes*, Del.Supr., 135 A.2d 114, 117 (1957).

Since the enhanced sentencing provisions of § 4209A clearly applied to first degree

rape at the time Wicks committed the crime, it cannot be said that the public was not on notice that the mandatory minimum twenty year sentence would be imposed upon conviction of rape in the first degree. The legislative history demonstrates an intent by the General Assembly that the provisions of § 4209 were to be applied when imposing sentence for both rape in the first degree and unlawful sexual intercourse in the first degree. We hold that the trial court did not err in imposing the mandatory minimum twenty year sentences for the two convictions of rape in the first degree. We affirm the decision of the trial court.