IN THE SUPREME COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| JANE G. GREEN,[1] | § |
| | § No. 259, 2016 |
| Petitioner Below, | § |
| Appellant, | § Court Below—Family Court |
| | § of the State of Delaware |
| v. | § |
| | § File No. CN15-01148 |
| DANIEL D. GREEN, | § Petition No. 16-10248 |
| | § |
| Respondent Below, | § |
| Appellee. | § |

Submitted: September 23, 2016
Decided: December 12, 2016

Before **VALIHURA**, **VAUGHN**, and **SEITZ**, Justices.

**O R D E R**

This 12th day of December 2016, upon consideration of the appellee's motion to strike the appellant's reply brief, the appellant's response, the appellee's reply, the parties' briefs, and the record below, it appears to the Court that:

(1)    The appellant, Jane G. Green ("Wife"), filed this appeal from the Family Court's April 21, 2016 order dismissing her petition for alimony. We find no error or abuse of discretion in the Family Court's decision. Accordingly, we affirm the Family Court's judgment.

(2)    The parties were married on September 24, 1999, separated on October 20, 2014, and divorced on May 4, 2015. The Wife filed a motion for

---

[1] The Court previously assigned pseudonyms to the parties under Supreme Court Rule 7(d).

interim and permanent alimony. In July 2015, the Family Court awarded the Wife interim alimony of $1,075 per month. The interim alimony award provided that it was subject to retroactive modification at the time of the final ancillary hearing.

(3) On January 19, 2016, the Family Court held the final ancillary hearing on property division and alimony. In an order dated February 1, 2016 ("February 1, 2016 Order"), the Family Court divided the parties' marital assets and bank accounts, as well as the 401(k) of the appellee, Daniel D. Green ("Husband"), 65/35 in favor of the Wife. The Family Court denied the Wife's request for alimony because she failed to present evidence of her dependency at the ancillary hearing. In an order dated March 7, 2016 and amended on March 8, 2016, the Family Court denied the Wife's motion for reargument of the Family Court's denial of alimony. The Wife did not appeal the Family Court's judgment.

(4) On April 8, 2016, the Wife filed another petition for alimony. The Family Court dismissed the petition on April 21, 2016. The Family Court held the Wife's petition was barred by the February 1, 2016 Order under the doctrine of *res judicata*. This appeal followed.

(5) We first address the Husband's motion to strike the Wife's reply brief as untimely. Under the briefing schedule and Supreme Court Rule 15(a)(iii), the reply brief was due fifteen days after service of the answering brief. The

2

answering brief was filed and served by mail on July 22, 2016. The reply brief was not filed and served by mail until August 22, 2016.

(6) The Wife's counsel admits the reply brief was late due to his mistaken belief that he had thirty days to file it. He asks this Court to accept the late reply brief because he made a good faith mistake and he believes the reply brief will aid the Court in resolving issues of importance to the Wife, the Family Court, and the Family Court bar. Having carefully considered the parties' positions, we conclude that the good faith beliefs of Wife's counsel do not excuse the late filing of the reply brief. The reply brief is stricken.

(7) We next address the substantive merits of the Wife's appeal. This Court's review of a Family Court decision includes a review of both the law and the facts.[2] Conclusions of law are reviewed *de novo*.[3] Factual findings will not be disturbed on appeal unless they are clearly erroneous.[4]

(8) On appeal, the Wife argues that the Family Court erred in concluding that the February 1, 2016 Order barred the Wife's April 8, 2016 petition for alimony. According to the Wife, 13 *Del. C.* § 1512(d), which provides that "a person shall be eligible for alimony for a period not to exceed 50% of the term of the marriage," allows her to seek alimony at any time during the period she is

---

[2] *Mundy v. Devon,* 906 A.2d 750, 752 (Del. 2006).
[3] *Id.*
[4] *Id.*

eligible for alimony (half of the parties' almost fifteen year marriage, or approximately seven and a half years).  To the extent Section 1512(d) is ambiguous, the Wife argues that any ambiguity must be resolved in favor of preserving her eligibility for alimony.  The Husband argues that the February 1, 2016 Order barred the Wife's April 8, 2016 petition for alimony under the doctrine of *res judicata* and that there is no ambiguity in Section 1512(d).

(9)     "*Res judicata* exists to provide a definite end to litigation, prevent vexatious litigation, and promote judicial economy."[5]  *Res judicata* will bar a claim when: (i) the original court had jurisdiction over the subject matter and the parties; (ii) the parties to the original action were the same parties, or in privity, in the case at bar; (iii) the original cause of action or the issues decided were the same as those in the case at bar; (iv) the issues in the original action were decided adversely to the petitioner in the case at bar; and (v) the order in the original action was final.[6]

(10)  Applying these elements, the Family Court concluded that: (i) the Family Court had jurisdiction over the subject matter of the January 19, 2016 ancillary hearing; (ii) the parties to the ancillary action (the Wife and the Husband) were the same as the parties in the Wife's April 8, 2016 alimony petition (the Wife and the Husband); (iii) alimony was one of the issues decided in the February 1,

---

[5] *LaPoint v. Amerisource Bergen Corp.*, 970 A.2d 185, 191 (Del. 2009) (citations omitted).
[6] *Dover Historical Soc'y, Inc. v. City of Dover Planning Comm'n*, 902 A.2d 1084, 1092 (Del. 2006).

2016 Order and was the issue raised in the April 8, 2016 alimony petition; (iv) the issue of alimony was decided adversely to the Wife in the February 1, 2016 Order; and (v) the February 1, 2016 Order was final. Based on this analysis, the Family Court concluded that the Wife's April 8, 2016 petition for alimony was barred by the February 1, 2016 Order under the doctrine of *res judicata*.

(11) The Wife does not dispute the elements of *res judicata* or the Family Court's analysis of those elements. Instead, the Wife seems to argue that the doctrine of *res judicata* did not apply to her April 8, 2016 alimony petition because, notwithstanding the Family Court's denial of her request for alimony in the February 1, 2016 Order, she could apply for alimony for almost seven and half years under Section 1512(d). In making this argument, the Wife ignores the plain language of Section 1512.

(12) "The goal of statutory construction is to determine and give effect to legislative intent."[7] When the unambiguous language of the statute clearly reflects the intent of the legislature, the statutory language controls.[8] If the statute is determined to be unambiguous, "there is no need for judicial interpretation, and the plain meaning of the statutory language controls."[9] "A statute is ambiguous 'if it is reasonably susceptible of different constructions or interpretations' or 'if a literal

---

[7] *Eliason v. Englehart*, 733 A.2d 944, 946 (Del. 1999).
[8] *Spielberg v. Slate,* 558 A.2d 291, 293 (Del. 1989).
[9] *Eliason*, 733 A.2d at 946.

reading of the statute would lead to an unreasonable or absurd result not contemplated by the legislature.'"[10]

(13)   Section 1512 governs the award of alimony.  Under Section 1512(a), the Family Court may award interim alimony, as the Family Court did here, to a dependent party during the pendency of a divorce.[11]  Under Section 1512(b), a party may be awarded alimony (interim or post-divorce) only if the Family Court determines she is a dependent party after consideration of the factors set forth in Section 1512(c).[12]

(14)   Section 1512(d) provides that a party who is married for less than twenty years is eligible "for alimony for a period not to exceed 50% of the term of the marriage" while a party married for more than twenty years is eligible for life.[13] Section 1512(e) imposes a continuing affirmative obligation upon a party who is awarded alimony to make good faith efforts to seek appropriate vocational training, if necessary, and employment unless the Family Court finds it would be inequitable to require a party to do so.[14]  Under Section 1512(f), a party who has waived or released her right to alimony in writing has no remedy Section 1512.[15] Section 1512(g) provides that the obligation to pay future alimony is terminated

---

[10] *LeVan v. Independence Mall, Inc.*, 940 A.2d 929, 933 (Del. 2007) (quoting *Newton Vill. Serv. Corp. v. Newtowne Rd. Dev. Co.*, 772 A.2d 172, 175 (Del. 2001)).
[11] 13 *Del. C.* § 1512(a).
[12] 13 *Del. C.* § 1512(b), (c).
[13] 13 *Del. C.* § 1512(d).
[14] 13 *Del. C.* § 1512(e).
[15] 13 *Del. C.* § 1512(f).

6

upon the death of either party or the remarriage or cohabitation of the party receiving alimony.[16]

(15) Contrary to the Wife's contentions, nothing in Section 1512 authorizes a party who is denied alimony after failing to provide evidence of dependency at an ancillary hearing to file another petition for alimony during the Section 1512(d) eligibility period and to have another opportunity to prove dependency. Section 1512(d) defines how long a party may receive alimony if they meet the other criteria of Section 1512—it does not authorize an unsuccessful party to file serial applications for alimony until one of the petitions is successful. The Wife is correct that the statute contemplates the circumstances of an alimony recipient may change. Section 1512(e), for example, provides that a party awarded alimony generally has an affirmative obligation to make good faith efforts to seek appropriate vocational training, if necessary, and employment. If there is a "real and substantial change of circumstances" under Section 1519(a)(4), the Family Court may modify an alimony award.[17] In this case, however, there was no claim of a "real and substantial change of circumstances" under Section 1519(a)(4) in the Wife's April 8, 2016 alimony petition.

(16) Having carefully considered the positions of the parties, we conclude that Section 1512 is not ambiguous and did not authorize the Wife's April 8, 2016

---

[16] 13 *Del. C.* § 1512(g).
[17] 13 *Del. C.* 1519(a)(4).

7

alimony petition.  The Family Court did not err in finding the Wife's April 8, 2016 alimony petition was barred by the February 1, 2016 Order under the doctrine of *res judicata*.

NOW, THEREFORE, IT IS ORDERED that the Motion to Strike is GRANTED and the judgment of the Family Court is AFFIRMED.

BY THE COURT:

/s/  James T. Vaughn, Jr.
Justice

8